UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTONIO SENTELLE LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-208 |
| | ) | |
| JUDGE HARRIS ODELL, JR. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court previously directed *pro se* plaintiff Antonio Sentelle Lee to return the fully completed forms necessary for his prosecution of this case *in forma pauperis* and an amended complaint. *See* doc. 10. He has not complied with that Order. *See generally* docket.

A district court retains the inherent power to police its docket and to enforce its orders. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dept.*, 2006 WL 3307444, *1 (11th Cir. 2006). Under the Federal Rules of Civil Procedure, a complaint may be dismissed either for failure to prosecute or for failure to comply with an order of the

court. Fed. R. Civ. P. 41(b). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c). The plaintiff's disregard of *multiple* orders of this Court warrants dismissal of this action under Rule 41(b). No sanction short of dismissal appears appropriate given the plaintiff's repeated failure to show any interest in participating in this action. *Mingo*, 864 F.2d at 102; *Goforth v. Owens*, 766 F.2d 1533, 1534 (11th Cir. 1985). Accordingly, this case is **DISMISSED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED,** this 14th day of March, 2022.

*[signature]*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA